| JOHNETTE MARTIN | * | NO. 2025-CA-0231 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| STATE FARM FIRE AND CASUALTY COMPANY, AMANDA Z. MARTIN, AND GREGORY F. MARTIN | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*JCL*

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. Although La. C.C. art. 2046 precludes the use of extrinsic evidence when a contract is clear and explicit, that rule applies only after the existence of a contract, formed by mutual consent, is established. State Farm bore the burden of proving that Ms. Martin personally consented to the specific settlement terms, and in my view, it failed to meet that burden. Where consent itself is disputed, Article 2046 does not bar limited factual inquiry into whether a compromise was ever formed. Because State Farm did not prove mutual consent on the existing record, I would reverse the judgment of the district court.